IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TODD CARLTON SMITH,

        Petitioner,

    vs.                          CIVIL ACTION
                                        No. 10-3243-RDR

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. The petitioner commenced this action in the United States District Court for the Southern District of Florida. The matter was transferred to this district due to petitioner's incarceration in the district.

Petitioner seeks immediate placement in federal witness protection, citing his 2008 participation as a government witness in a Florida trial. Petitioner states that matter is now on appeal, and he believes that he will again be called as a witness if a new trial is granted.

The court has no authority to grant petitioner's request for designation to a federal protection program. See *Boyd v. T'Kach,* 26 Fed. Appx. 792 (10th Cir. 2001),("Whether a witness

will be protected under the witness protection program is entirely within the Attorney General's discretion.")(citation omitted), *cert. denied*, 535 U.S. 1104 (2002)[1]. *See* 18 U.S.C. §3521(a)(1)("The Attorney General may provide for the relocation and other protection of a witness or a potential witness for the Federal Government or of a State government ....").

Next, to the extent petitioner seeks placement in a federal correctional facility, this court, like the Florida court, has found no evidence that petitioner is subject to a federal sentence or is otherwise in federal custody. If this request is part of petitioner's request for placement in witness protection, such a request must be determined by the Attorney General.

However, even assuming petitioner is subject to a federal sentence,[2] his placement is a matter to be determined by the

---

[1] A copy of this unpublished order is attached.

[2] The court notes that in earlier filings, petitioner has not suggested he is subject to a federal sentence. *See, e.g., Smith v. Bruce*, 03-3116-GTV,("The Plaintiff is on Interstate Corrections Compact from the State of Florida, forewhich the State of Florida retains all jurisdiction of the Plaintiff"); *Smith v. Bruce*, 03-3257-JAR, ("The plaintiff is on Interstate Corrections Compact from the State of Florida and must have the approval before from the State of Florida Department of Corrections before he may receive any form of dental treatment."); *Smith v. Cummings*, 06-3196-SAC ("The Petitioner is a Florida State Prison[er] under Interstate Corrections Compact in the Kansas Department of Corrections."); Case No. 08-3157-SAC, *Smith v. Aramark Food Service* ("Plaintiff is a state prisoner under the term of Interstate Corrections Compact from the sending State of

2

Bureau of Prisons. Pursuant to 18 U.S.C. § 3621, a person who has been sentenced to a term of federal confinement, "shall be committed to the custody of the Bureau of Prisons". Thereafter, the Bureau of Prisons shall designate the place of the prisoner's confinement. 18 U.S.C. § 3621(b).

Having considered the record, the court finds it has no authority to grant petitioner the relief he seeks.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed.

IT IS FURTHER ORDERED petitioner's motion to consolidate this matter with other filings (Doc. 13) is denied.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 28th day of January, 2011.

> S/ Richard D. Rogers
> RICHARD D. ROGERS
> United States Senior District Judge

---

Florida"), and Case No. 10-3049-SAC, *Smith v. Kansas Department of Corrections* ("Plaintiff, Todd Carlton Smith, Pro Se, is a citizen of the state of Florida, who is incarcerated in El Dorado Correctional Facility....").